IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 6:24-cr-00470-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| ERNESTO TORRES, | |
| Defendant. | |

_____

MCSHANE, Judge:

Defendant Ernesto Torres moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) to time served with a period of supervised release, submitting that he is entitled to compassionate release because of his quickly advancing terminal illness. Mot., ECF No. 35. The Court held an emergency telephonic hearing regarding the Motion and the Government's opposition to granting compassionate release on November 14, 2025. Because the Court finds that the sentencing factors set forth in 18 U.S.C. § 3553(a) would be served by granting Mr. Torres compassionate release, the Motion is GRANTED. The final judgement will be amended to reflect a sentence of time served followed by 20 years of supervised release. Bureau of Prisons officials are to effectuate the release immediately in coordination with US Probation and defense counsel.

## BACKGROUND

Mr. Torres is serving a sentence of 120 months' imprisonment imposed by this Court on October 16, 2025 for attempted coercion and enticement of a minor. Judgment, ECF No. 33. He was held at FDC Sheridan awaiting designation until he was transferred in-custody to a local

1 – Opinion and Order

hospital on October 23, 2025. Mot. 2; *see* ECF No. 38 at 1. Upon examination at the hospital, Mr. Torres was found to have adenocarcinoma of the esophagus with metastasis to the liver. ECF No. 38 at 1. His hospitalization has been complicated by SIRS, tachycardia, leukocytosis. *Id.* A doctor described Mr. Torres' condition as "poor over the next 6 months." *Id.* Progress notes from November 12, 2025 indicate Mr. Torres is now suffering "multiorgan failure" with "poor prognosis in the next few weeks." *Id.* at 8. Mr. Torres is contemplating hospice care, and his care will transition from treatment to "comfort." *Id.* at 8, 10. Mr. Torres asserts his parents and sisters are committed to providing him end-of-life care either at their home in Madras, Oregon or with a hospice provider should he be released. Mot. 2–3.

## LEGAL STANDARD

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c)(1)(A). However, a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)—otherwise known as compassionate release—acts as an exception to this rule, allowing a court to reduce a defendant's term of imprisonment under certain conditions. *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (citing § 3582(c)(1)).

For a defendant to directly petition a district court for compassionate release, they must first exhaust all administrative remedies available through the Bureau of Prisons or they must wait 30 days from when the facility's warden received their request for release. 18 U.S.C. § 3582(c)(1)(A). When this exhaustion requirement is met, the district court may grant a defendant's motion for compassionate release if it finds that (1) "extraordinary and compelling reasons" justify the sentence reduction; (2) a reduction would be consistent with applicable U.S. Sentencing Commission policy statements; and (3) the factors set forth in 18 U.S.C. § 3553(a) warrant the reduction. *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (quoting § 3582(c)(1)(A)).

The defendant has the burden of establishing each requirement. 18 U.S.C. § 3582(c)(1)(A); *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998). If the defendant fails to satisfy any of the requirements, the court may deny the defendant's request without assessing the remaining requirements. *Keller*, 2 F.4th at 1284.

## DISCUSSION

Mr. Torres asks the Court to reduce his sentence to time served with a period of supervision. Mot. 1–2. Mr. Torres' condition is an "extraordinary and compelling reason" for his release under U.S. Sentencing Commission policy statement U.S.S.G. § 1B1.13(b)(1)(A), covering terminal illnesses.[1] Even where extraordinary and compelling reasons exist, the Court must weigh whether Mr. Torres' requested sentence modification is consistent with the sentencing factors defined in 18 U.S.C. § 3553(a). *See United States v. Wilson*, 8 F.4th 970, 978 (9th Cir. 2021). The Court acknowledges the Government's concern for the seriousness of Mr. Torres' offense, but the Court finds that Mr. Torres' continued imprisonment in light of his medical condition, which his treating physicians anticipate leave him only weeks or months to live, would be inconsistent with the goals of sentencing, and thus weigh in favor of granting Mr. Torres compassionate release.

At an emergency hearing, the Government opposed the Motion based on insufficient administrative exhaustion. Although the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional, the Court generally may not excuse a defendant's failure to satisfy that requirement over the Government's timely objection. *Keller*, 2 F.4th at 1282. Nevertheless, the Court finds that the exhaustion requirement should be excused in this case due to futility. According to the Government, Mr. Torres currently has a request pending with Bureau

---

[1] Enumerated reasons for compassionate release include the defendant's medical circumstances, family circumstances, and any other circumstances of equal gravity. See U.S.S.G. § 1B1.13; U.S. Sentencing Commission, Amendments to the Sentencing Guidelines, at 7 (eff. Nov. 1, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text amendments/202305_Amendments.pdf

of Prisons that is subject to expedited review within fourteen days. Given the documentation of

Mr. Torres' illness as terminal in nature, its rapid progression, and the clear application of the U.S.

Sentencing Commission policy statement's definitions of extraordinary and compelling reasons

for compassionate release to these facts, merely delaying consideration of Mr. Torres' request here

does nothing to advance the purposes of the exhaustion requirement. Indeed, relaxing the

exhaustion requirement under these circumstances does not risk encouraging deliberate bypass of

the administrative scheme in general. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir.

2004) (quoting *Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990)). Mr. Torres' failure to

exhaust is thus excused and compassionate release is appropriate.

## CONCLUSION

For the reasons stated above, Mr. Torres' Emergency Motion to Reduce Sentence (ECF No.

35) is GRANTED. The Criminal Judgement (ECF No. 33) shall reflect that Mr. Torres' sentence

is converted to time served with 20 years of supervised release.

IT IS SO ORDERED.

DATED this 14th day of November 2025.


_____s/Michael J. McShane_____
Michael J. McShane
United States District Judge